UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDY H., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-6015-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[1] He has a high school diploma, and previously worked as a millwright and machinist. (AR 219-23, 246.) At the administrative hearing, Plaintiff testified

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

that he had been working part-time performing maintenance jobs at an RV park for the past year and a half. (AR 20-21.)

Plaintiff applied for DIB and SSI in October 2016. (AR 186-99.) Those applications were denied and Plaintiff timely requested a hearing. (AR 106-12, 117-30, 135-36.)

On July 23, 2018, ALJ Vadim Mozyrsky held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 38-75.) On September 24, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 91-101.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 21, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked since his alleged onset date, but that his work did not rise to the level of substantial gainful activity. (AR 93.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's stroke with hemi-sensory loss. (AR 93-94.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 94.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

| | |
|---|---|
| 1 | demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of |
| 2 | performing light work, with additional limitations: he can occasionally handle, finger, and feel |
| 3 | with his right upper extremity. He can occasionally climb ramps and stairs, but can never climb |
| 4 | ladders, ropes, or scaffolds. He can occasionally balance, stoop, crouch, crawl, and kneel. He |
| 5 | should avoid concentrated exposure to unprotected heights, moving mechanical parts, extreme |
| 6 | cold, and operation of a motor vehicle. (AR 94.) With that assessment, the ALJ found Plaintiff |
| 7 | unable to perform any of his past relevant work. (AR 99.) |
| 8 | If a claimant demonstrates an inability to perform past relevant work, the burden shifts to |
| 9 | the Commissioner to demonstrate at step five that the claimant retains the capacity to make an |
| 10 | adjustment to work that exists in significant levels in the national economy. With the assistance |
| 11 | of the VE, the ALJ found Plaintiff capable of transitioning to representative occupations such as |
| 12 | usher, children's attendant, and sandwich board carrier. (AR 100-01.) |
| 13 | This Court's review of the ALJ's decision is limited to whether the decision is in |
| 14 | accordance with the law and the findings supported by substantial evidence in the record as a |
| 15 | whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more |
| 16 | than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable |
| 17 | mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 |
| 18 | (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's |
| 19 | decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. |
| 20 | 2002). |
| 21 | Plaintiff argues the ALJ erred in (1) failing to explicitly grant his request to reopen prior |
| 22 | applications, (2) assessing the medical opinion evidence, and (3) discounting his subjective |
| 23 | |
ORDER RE: SOCIAL SECURITY
DISABILITY APEAL
PAGE - 3

symptom testimony.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Medical evidence

Plaintiff argues that the ALJ erred in purporting to credit the opinion of examining physician Derek Leinenbach, M.D., but failing to account for all of the limitations he mentioned in his report. Dkt. 12 at 3-4. Plaintiff also devotes pages of his opening brief to summarizing the medical evidence (Dkt. 12 at 4-6), but does not show that this evidence is either inconsistent with the ALJ's RFC assessment or otherwise constitutes significant, probative evidence that the ALJ erroneously discounted without explanation. Thus, Plaintiff has not met his burden to show harmful legal error with respect to this miscellaneous evidence, and the Court turns to focus on Dr. Leinenbach's opinion.

<u>Legal standards</u>

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[3] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 14-15. Accordingly, these issues will not be analyzed separately.

[3] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

*Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Leinenbach's opinion

Dr. Leinenbach examined Plaintiff in December 2016 and wrote a narrative report describing Plaintiff's symptoms and limitations. (AR 539-42.) Dr. Leinenbach found that, *inter alia*, Plaintiff had no sitting or standing restrictions, but was limited to walking 4-6 hours in an eight-hour workday. (AR 541.) Dr. Leinenbach also found that Plaintiff could not feel with his right hand. (AR 542.)

The ALJ found Plaintiff capable of performing light work, and found that he could occasionally feel with his right upper extremity. (AR 94.) The ALJ gave partial weight to Dr. Leinenbach's opinion, indicating that the RFC assessment is consistent with Dr. Leinenbach's opinion but also more restrictive as to Plaintiff's postural and sitting capabilities. (AR 98.)

Plaintiff argues that the ALJ erred in failing to include Dr. Leinenbach's finding that Plaintiff was limited to walking 4-6 hours per workday. Dkt. 12 at 4. The ALJ's RFC assessment indeed does not mention that restriction, but the ALJ included the walking restriction in the VE hypothetical and even included a standing restriction not mentioned by Dr. Leinenbach. (*See* AR 35-36 ("standing and walking six hours total in an eight-hour day").) Thus, any error in the ALJ's failure to include the walking restriction in the RFC assessment was cured by the ALJ's inclusion of that restriction in the VE hypothetical. *See, e.g.*, *Timothy S. v. Berryhill*, 2018 WL 5973393, at *3 (D. Or. Nov. 14, 2018) (finding that even if an ALJ erred in omitting a limitation from the RFC assessment, the ALJ's inclusion of that limitation in the VE hypothetical rendered the RFC error harmless).

Plaintiff also argues that the ALJ erred in failing to explain why he did not credit Dr. Leinenbach's opinion regarding Plaintiff's inability to feel with his right hand. Dkt. 12 at 4. But,

as noted by the Commissioner, none of the jobs identified by the ALJ at step five require any feeling.  Dkt. 13 at 4.  Plaintiff contends that this argument is an improper *post hoc* rationalization (Dkt. 14 at 3-4), but the Court does not err in considering whether an error impacted the ALJ's ultimate nondisability determination in this manner.  *See, e.g.*, *Gaston v. Comm'r of Social Sec. Admin.*, 577 Fed. Appx. 739, 742 (9th Cir. Jun. 6, 2014) ("The ALJ's failure to include in the hypothetical a limitation on reaching in all directions was harmless error because the position of surveillance system monitor, identified by the VE as a position Gaston could perform, does not require such ability.").

Lastly, Plaintiff argues that Dr. Leinenbach's opinion is internally inconsistent, because his abnormal findings are inconsistent with the limitations he identified.  Dkt. 12 at 4.  Plaintiff cites no evidence supporting his lay interpretation of Dr. Leinenbach's opinion.  The State agency consultants, who are physicians, reviewed Dr. Leinenbach's opinion and found it to be consistent with his findings as well as the remainder of the record, which supports the ALJ's interpretation of Dr. Leinenbach's opinion.  (*See* AR 49-50, 59-60, 71-72, 82-83.)  The State agency opinions also support the ALJ's characterization of Dr. Leinenbach's opinion as "evidence that supports the overall finding of nondisability" (AR 98), Plaintiff's challenge to that description (Dkt. 14 at 4) notwithstanding.

For all of these reasons, the Court finds that Plaintiff has failed to meet his burden to show harmful legal error in the ALJ's assessment of Dr. Leinenbach's opinion or in any other medical evidence.

Subjective symptom testimony

The ALJ discounted Plaintiff's subjective allegations because (1) he was able to work part-time during the period he claimed to be disabled; and (2) his treatment following his December

2013 stroke has been sporadic, routine, and conservative, and his providers' notes are not consistent with allegations of disability. (AR 95-98.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff raises several concerns regarding the ALJ's findings. First, Plaintiff argues that the ALJ erred in citing a January 2014 treatment note as evidence that he continued to use methamphetamine at that time. Dkt. 12 at 7. But the ALJ did not cite this treatment note as evidence of current methamphetamine use; the ALJ found that the provider indicated that she "planned to discuss the issue of the claimant's methamphetamine abuse at a follow-up appointment[,]" which accurately reflects the treatment note. (AR 96 (referencing AR 516).)

Plaintiff also contends that the ALJ erred in contrasting Plaintiff's July 2014 reports of dropping items with his right hand and loss of sensation with his report to his provider that his right arm "is doing well." Dkt. 12 at 7. But the treatment note cited by the ALJ explicitly contrasts these reports: "[Plaintiff] [f]eels his rt upper extremity is doing well, does yet drop items out of his hand unexpectantly, has sensation loss." (AR 508.) The ALJ did not err in accurately summarizing the treatment note in this regard.

Plaintiff goes on to argue that the ALJ erred in claiming that Plaintiff reported current methamphetamine use to his providers, because the record only references past use. Dkt. 12 at 7. But the ALJ cited treatment notes where Plaintiff reported using methamphetamine along with marijuana. (*See* AR 508 ("Drug Use: Yes; Special: marijuana, methamphetamine"), 559 (Plaintiff "reports that he uses illicit drugs (marijuana and methamphetamine)".) These treatment notes constitute substantial evidence to support the ALJ's finding that Plaintiff reported current use of methamphetamine. (AR 97.)

|   |   |
|---|---|
| 1 | Next, Plaintiff argues that the ALJ erred in construing this treatment note and others as demonstrating that Plaintiff's "objective performance was grossly within normal limits" and that the provider's "prescribed treatment appears routine and conservative, and not indicative of chronic, disabling symptoms or limitations." (AR 96-97.) According to Plaintiff, the ALJ erred in implying there existed more intense treatment available to treat the effects of his prior stroke, and erred in ignoring the observations of Plaintiff's antalgic gait and post-stroke weakness, as observed in September 2015. Dkt. 12 at 7-8. But the treatment notes do not purport to describe treatment for Plaintiff's prior stroke; instead, they focus on ongoing treatment (medication) for high blood pressure and high cholesterol. (*See, e.g.*, AR 508-09, 559-60.) Furthermore, although Plaintiff's provider did note a mild to moderate antalgic gait and post-stroke weakness in September 2015 (AR 502), the ALJ did not describe that note as finding otherwise. (*See* AR 97 (ALJ's decision noting that in September 2015 Plaintiff's blood pressure was well controlled (citing AR 502)).) Furthermore, this observation consistent with the ALJ's finding that "the clinical observations of [Plaintiff's] treatment providers do not describe him as exhibiting disabling physical or cognitive limitations." (AR 97.) Plaintiff has not shown that the ALJ misconstrued Plaintiff's treatment notes in these respects. |

Plaintiff also argues that the ALJ erred in construing his treatment notes, which mention him working at an RV park before in the years before 2017, as suggesting that he was working "under the table" given that he did not report RV park income until 2017. Dkt. 12 at 9. Plaintiff notes that the medical record indicates that he worked in exchange for his rent, which could explain why he did not report income. *Id*. (citing AR 508 (July 2014 treatment note)). That 2014 treatment note does suggest that Plaintiff worked in exchange for rent (AR 508), but in 2016 Plaintiff did not describe his work as an exchange for rent (AR 539), and that is the work that the ALJ referred

ORDER RE: SOCIAL SECURITY
DISABILITY APEAL
PAGE - 8

to. (AR 97-98.) But, in any event, even if the ALJ erred in finding that the record suggested that Plaintiff worked under the table, any error related to this finding is harmless because the ALJ provided other valid reasons to discount Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Lastly, Plaintiff argues that the ALJ erred in relying on Dr. Leinenbach's opinion as a reason to discount Plaintiff's allegations. Dkt. 12 at 9-10. Plaintiff argues that the ALJ's description of Dr. Leinenbach's opinion is not fully supported by substantial evidence and does not constitute a convincing reason to discount Plaintiff's allegations (*id*.), but such conclusory statements do not meet Plaintiff's burden to establish error in the ALJ's decision. Plaintiff also argues that the ALJ could not rely solely on the fact that the objective evidence does not corroborate his allegations as a reason to discount his allegations, but the ALJ did solely rely on a lack of support in the objective medical record. Thus, this line of argument does not establish error in the ALJ's decision.

Likewise, Plaintiff's four-page summary of his hearing testimony (Dkt. 12 at 10-14) does not establish error in the ALJ's decision. Because Plaintiff has not met his burden to show that the ALJ erred in discounting his allegations, the Court affirms this portion of the ALJ's decision.

Because Plaintiff has not established that this case must be remanded, the Court need not determine whether the ALJ *de facto* reopened a prior application. *See* Dkt. 12 at 3 (Plaintiff's brief asking that if the case is remanded, the ALJ should be instructed to consider the prior applications as reopened).

/ / /

/ / /

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APEAL
PAGE - 9

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 11th day of August, 2020.

Mary Alice Theiler
United States Magistrate Judge